## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

**Civil Action No.:**

**STEPHANIE ISACKSON,**

    **Plaintiff,**

**v.**

**ACCOUNT BROKERS OF LARIMER COUNTY, INC.**

    **Defendant**

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions occurred in this District.

5. The Plaintiff resides in this District.

6. The Defendant transacts business in this Judicial District.

7. The Defendant has a registered agent located at 7674 Reed Street, Arvada, CO 80003.

## PARTIES

8. Plaintiff Stephanie Isackson is a natural person who resides in the City of Fort Collins, County of Larimer, State of Colorado, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant Account Brokers of Larimer County, Inc. (hereinafter "Defendant Account Brokers") is a Colorado business entity with an address of 1417 S. College Ave., Fort Collins, CO 80538.

10. Defendant is a registered debt collector with the Colorado Attorney General's office, license # 101205.

## FACTUAL ALLEGATIONS

11. The Defendant initiated a lawsuit against the Plaintiff in Larimer County, Colorado county court on or near February 18, 2010 seeking money damages for a series of alleged debts.

12. In the Larimer County lawsuit, the Defendant claims it is the assignee of Poudre Valley Health System.

13. The alleged debt that the Defendant is attempting to collect is a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

14. On or about March 3, 2010, the Plaintiff, filed a responsive pleading with the Larimer County Court.

15. On or about March 4, 2010 the Plaintiff confessed the judgments and a Motion for Entry of Judgment was filed with the court and granted on March 15, 2010.

16. At the time the Plaintiff confessed the motion she indicated to Defendant that she would pay what she could toward the debt. She began making payments of $35 a month towards the debt and she believed that this was the agreement between the parties.

17. These payments were made monthly for approximately four years and the Defendant accepted each payment from the Plaintiff.

18. Then on or about April 2014 the Defendant served interrogatories to the Plaintiff which she answered.

19. In May a Writ of Garnishment was issued.

20. Consequently the Plaintiff contacted the Defendant on June 9, 2014; to try to determine why they were no longer accepting the monthly payments and to get an itemized list of bills and a copy of the agreement she had made with the Defendant.

21. The Plaintiff spoke to with a supervisor of Defendant named Shannon.

22. Shannon told the Plaintiff to come pick up the list of bills from the Defendant, but that she did not have to provide the Plaintiff with the contract. Shannon told the Plaintiff she would need to get a copy of the contract from the court.

23. When the Plaintiff came to the Defendant's place of business a few days later, "Shannon" gave her a huge packet with the itemized list and the payments that she had made to them over the last four years. When the Plaintiff inquired about other documents in particular the agreement between the parties, she was again told she could obtain a copy of that from the court.

24. Upon information and belief a few days later the Plaintiff went to the courthouse to get a copy of the agreement there was not one in the file. When she asked the clerk if she

        could print a copy of the agreement that she mad with the Defendant in 2010, the clerk told her she could get a copy from the Defendant and there was no agreement on file.

25. On or about June 30, 2014, the Plaintiff went to the Defendant's place of business again and talked to "Shannon." The Plaintiff told her that the court didn't have the agreement that was made in 2010, where the Plaintiff believed that she was to pay 35 dollars a month and then more when she could. In fact, "Shannon" had confirmed with the Plaintiff when she first talked to her that was in fact the agreement.

26. "Shannon" proceeded to now tell the Plaintiff that the Defendant wouldn't have made an agreement like that and that they wouldn't make a stipulation, even though the Defendant had been accepting the 35 dollar payment for approximately four years.

27. "Shannon" then proceeded on June 30, 2014 to give the Plaintiff a copy of the motion for entry of judgment. "Shannon" then inquired as to whether or not the Plaintiff had an attorney.

28. The Defendant violated the FDCPA by using "false, deceptive, or misleading representation or means in connection with the debt and the character amount of legal status of the alleged debt," see 15 U.S.C §1692e and 1692e(2).

29. The FDCPA prohibits "any false representation or deceptive means to collect a debt" see 15 U.S.C §1692e(10).

30. The FDCPA prohibits "any unfair or unconscionable means to collect or attempt to collect the alleged debt," see 15 U.S.C §1692f.

31. The FDCPA prohibits "any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law," see 15 U.S.C. § 1692f(1).

*Respondeat Superior Liability*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The acts and omissions of the supervisor "Shannon", as an agent employed by Defendant, who communicated with Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with her principal, Defendant.

34. The acts and omissions by the Defendant's supervisor "Shannon" was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant in collecting consumer debts.

35. By committing these acts and omissions against Plaintiff, this individual collector was motivated to benefit her principal, Defendant.

36. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its employees, including but not limited to violations of the FDCPA and Colorado law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

## COUNT I.

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. § 1692 et seq.**

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

39. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- For such other and further relief as may be just and proper.

Respectfully submitted,

s/Jill Gookin
Gookin Law, LLC
1635 Foxtrail Drive
Loveland, CO 80538
 (970) 776-4340
(888) 465-8045 FAX
Email: jill@gookinlaw.com